## BRADLEY v. ECCLES.

### (Circuit Court, N. D. New York. May 23, 1903.)

### No. 6,928.

1. PATENTS—VALIDITY AND INFRINGEMENT—THILL COUPLING.

The Bradley patent, No. 609,928, for a thill coupling, consisting of a divided draft-eye, having spherical recesses in its jaws, and a spherical wrist or knuckle on the thill or pole iron, adapted to fit in such recesses in combination with a packing between the two to prevent rattling, was not anticipated, and discloses invention; the device, as a whole, being a distinct and notable improvement over those of the prior art. Also *held* infringed.

In Equity.

The bill in equity in this cause was filed for the purpose of procuring an accounting and an injunction because of the alleged infringement of complainant's letters patent No. 609,928, dated August 30, 1898, for thill coupling. On the trial the defendant offered no evidence of consequence, except by way of cross-examination of complainant's witnesses—seeming to rely upon the alleged invalidity of the complainant's patent by reason of alleged anticipation—and the defendant put in evidence several patents alleged to show anticipation.

Howard P. Denison, for complainant.

William A. Megrath, for defendant.

RAY, District Judge. The object of the complainant's invention, as stated in the letters patent itself, is "to provide the coupling with a packing which effectually prevents rattling, and which is very ·durable." The complainant also states that he has invented a new and useful improvement in thill couplings, of which the following is a specification. He says:

This invention relates to that class of thill couplings which comprise a divided draft-eye on the vehicle, and a spherical wrist or knuckle on the thill · or pole iron, which is adapted to be seated in the draft-eye.

The thill coupling is secured to the axle by means of a clip which securely and effectually fastens it. It consists of a lower fixed jaw secured to the under side of the axle, and projects forwardly therefrom; a movable upper jaw, which is hinged to the front end of the fixed or lower jaw; a clamping lever arranged underneath the fixed jaw, and pivoted to the end of a bent tension-spring; and a bail or loop which connects the lever with the movable jaw. The fixed and movable jaws constitute the draft-eye. The wrist or knuckle of the thill or pole iron is spherical in form, and is generally arranged, and should be arranged, between two side bars of the thill-iron. There is a cavity between the upper and lower jaws, into which the spherical knuckle of the thill or pole iron fits. The spherical packing is intended to surround the wrist or knuckle of the thill or pole, and when in place is seated in the cavities of the jaws of the draft-eye. This packing is made usually of a flat piece of hard oak leather, so bent and molded by pressure as to have the required spherical form, but with the open joint extending along one side so that this split packing will

retain its shape when not in use or place, but can be sprung over the wrist or knuckle. This packing is constructed with truncated ends, so arranged at right angles to the open joint at the ends thereof that the packing straddles the wrist of the thill-iron, while it entirely envelops the spherical knuckle, and separates the same from the metallic surface of the surrounding spherical socket, which consists of the cavity within and between the upper and lower jaws spoken of. As this packing is seated in the spherical recesses of the jaws of the draft-eye, it is, when the thill coupling is ready for use, firmly clamped therein; and as the pressure of the jaws falls with greatest force upon the outer side of the packing, which outer side is larger in area and diameter than the inner side, the packing is rigidly held in the draft-eye, and prevented from turning in the same when the wrist itself turns, and hence the wrist or knuckle turns in the packing. The friction between the outer side of the spherical packing and the draft-eye is greater than that between the inner side of the packing and the wrist; and the consequence is that the wrist turns in the packing, while the packing is held stationary in the draft-eye. The inner surface of the packing wears smooth, and forms a very perfect bearing for the wrist or knuckle to work in. By contriving and adjusting the packing in this manner, the rattling of the thill coupling in the sockets between the upper and lower jaws is not only prevented; but the twisting or wringing of the packing in the draft-eye, which had heretofore been common and destructive in cylindrical packing, is entirely avoided, and the life of the packing greatly lengthened. The specifications also speak of tying the edges of the packing together with fine wire so as to prevent its detachment from the wrist when removed from the draft-eye. The specifications also state that, while the packing is preferably of leather, any other suitable material may be used, and it is also stated that this packing may be composed of separate halves.

The complainant claims as his invention:

The combination with a draft-eye having spherical recesses in its jaws, and a draft-iron having a spherical knuckle, of an interposed spherical packing, provided with an open longitudinal joint along its side, and with truncated ends at the ends of said joint, said packing enveloping the knuckle entirely, and separating the same from the spherical bearing-surfaces of the surrounding draft-eye, substantially as set forth.

It cannot be successfully contended that this is not a most useful invention. It has come into common use, and is regarded as indispensable by all who use vehicles attached to and drawn by animals by means of a pole or thills. It is quite true that pieces of rawhide, cloth, or leather of any description, placed in the spherical recesses beneath the wrist or knuckle of the thill or pole, and also above before the draft-eye is closed and fastened, will form a sort of substitute for the packing described. So pieces of flat leather so placed, the one piece above and the other piece below, if cut of the right size and thickness, will constitute a very inferior substitute for this packing; but such substitutes are not the equivalent of the packing described, either in appearance, design, or usefulness, and all substitutes of that description used prior to the complainant's invention were of an inferi-

or character, and did not serve the purpose for which designed, except to a very slight extent. A thill coupling with a metal draft-eye, into which is fitted a metal wrist or knuckle, is sure to prove unsatisfactory and unsalable, unless fitted with a proper packing, made of proper or durable material, so constructed and shaped as to be easily handled and fitted in place, and so constructed and adjusted as to prevent rattling or movement of the wrist or knuckle up or down, sidewise or backward and forward, while it allows the knuckle to turn freely within the packing without undue wear. The complainant has invented such a coupling in combination with such a packing, and they go together and are inseparable. The thill coupling without this packing is as incomplete and undesirable, almost, as a sawmill without a saw. There is no want of novelty in this invention, and the fact that all the parts, if cut up fine enough, are composed of well-known materials in well-known shapes, is immaterial, even if true, so long as they are put together in a new way, and in such a manner as to form a new combination and produce new and useful results, not before attained. This the complainant has done. He has accomplished this result after years of hard work and study and experiment. He has expended thousands of dollars, and sold hundreds of thousands of these couplings. The defendant has copied the complainant exactly in all material respects, for the purpose of attaining precisely the same end, and so has infringed the complainant's patent. He did not, could not, produce this coupling, with this packing, until he had sent men to study and copy the work of the complainant.

This court has carefully examined and studied the construction and uses of the patents claimed by the defendant to show anticipation, viz.: Letters patent No. 279,043, granted to H. Temple June 5, 1883; No. 357,221, granted to D. Murray February 8, 1887; No. 377,861, granted to D. Murray February 14, 1888; No. 485,856, granted to C. C. Bradley November 8, 1892; No. 341,235, granted to W. H. Hannan May 4, 1886; No. 463,616, granted to G. L. and F. S. Blackman November 24, 1891; also Canadian letters patent No. 29,891, granted to D. Murray September 18, 1888—and is of the opinion and holds that the defense of anticipation is not made out.

The Bradley patent of November 8, 1892, does show a draft-eye having spherical recesses in its jaws, and also a draft-iron having a spherical knuckle intended to fit in the recesses, as does the patent in suit. But they are not the same—in fact, are quite different, both in design, operation, and results. The same may be said of the Blackman patent and of the Murray patent and of the others referred to.

The truth is that prior patentees had for a long time struggled with the problem of inventing thill couplings with recesses to receive the knuckle at the end of the thill or pole, with such packing properly fitted, that rattling and undue wear and squeaking might be done away with, and so adjusted and attached as to be easily handled, and the user free from danger. Several had succeeded to an extent, but no one had made a success, and it remained for the complainant in this action to so combine various materials in a new way and form with new designs in many instances as to produce the desired result.

The complainant's patent is a vast improvement on all others, and is a new device. Inventive skill and genius are displayed, and the result sought to be attained by others has been attained by the complainant alone.

The contention of the defendant that nothing but mechanical skill has been displayed by the complainant in his invention is not sustained by the evidence. There has been invention, new forms, new combinations, new arrangements, all combined in such a way as to produce results not before attained. We have much more than a change of form, or a juxtaposition of parts, or of the external arrangement of things. We have originality of form and of arrangement; we have new ideas, and we have results which have been sought after, but not heretofore attained. The complainant has not used prior thill couplings, although his thill coupling does resemble, in many respects, prior inventions. The complainant's packing is in some respects an old form, but, taken as a whole, it is new. It is said by the defendant that the complainant's packing performs the same function that is to be expected of any packing used as the complainant uses his. The packings heretofore used in connection with thill couplings have been intended to accomplish the result attained by the complainant, but have utterly failed to accomplish that result. They have not been constructed, shaped, or formed as is the complainant's packing. The complainant has done successfully what others have attempted to do, but have failed in doing. The mode and manner and idea are new, and the desired result is attained. The result attained is most useful and beneficial. If this does not constitute invention, then it is difficult to understand in what invention consists.

This court quite agrees with the expression of the Supreme Court of the United States in Florsheim v. Schilling, 137 U. S. 64, 11 Sup. Ct. 20, 34 L. Ed. 574, where it said, "The bringing together of old fixtures already patented, and using them in the same article, does not of itself constitute a patentable combination." The complainant in this case has seen the old fixtures, evidently, and, having discovered their defects or imperfections, has gone to work, and, by invention and inventive skill and new arrangements and new means, constructed a thill coupling with a new packing, which has accomplished the result the others sought to attain, but failed in doing. This is a substantial discovery and a substantial invention, and adds to our knowledge, and marks a step in advance in the useful arts. This is not a trifling device, or the shade of an idea that would naturally and spontaneously occur to the skilled mechanic or operator in the ordinary progress of manufacture. The various patents heretofore granted and put in evidence show that many others have struggled unsuccessfully with the problem which the complainant in this case has solved. The complainant in this case has solved the problem without appropriating the device or invention of the others, although he has undoubtedly profited largely from their efforts. The evidence is ample and conclusive that the defendant has infringed and is infringing, and threatens to continue such infringement.

The result is that the complainant is entitled to the relief which he demands, and a decree will be entered accordingly.