### ECCLES v. BRADLEY.

(Circuit Court of Appeals, Second Circuit. December 6, 1907.)

No. 187.

PATENTS—INFRINGEMENT—THILL COUPLING.

The Bradley patent, No. 609,928, for a thill coupling, the novel element in which is a spherical leather packing, held infringed by a coupling identical with that of the patent when sold, but in making which, instead of using a packing previously pressed into shape in a mold, the coupling itself is utilized as a press for such shaping.

In Error to the Circuit Court of the United States for the Northern District of New York.

This is a writ of error to review an order of the Circuit Court for the Northern District of New York holding the plaintiff in error in contempt for disobeying an injunction issued in an action between these parties restraining the defendant Richard Eccles from infringing the claim of letters patent No. 609,928 granted to Christopher C. Bradley for an improvement in thill couplings. The patent has been twice before this court; the opinions being reported in 126 Fed. 945, 61 C. C. A. 669, and 139 Fed. 447, 71 C. C. A. 291.

W. A. Megrath, for plaintiff in error.

H. P. Denison, for defendant in error.

Before COXE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The single question presented by the oral argument and the briefs is whether or not the leather packing sold by Eccles infringes the claim of the Bradley patent. That this packing, as sold, is spherical, and is "provided with an open longitudinal joint along its side and with truncated ends at the ends of said joint, said packing enveloping the knuckle entirely and separating the same from the spherical bearing surfaces of the surrounding draft-eye," is too obvious for discussion. It is argued, however, that it avoids the claim, because, when the packing is placed in the coupling and riveted in the lower jaw, it is not the device of the patent, but a piece of flat leather. This is true, but it is also true of the Bradley packing before it is put in the press and moulded into shape. Instead of using a separate press for this purpose, Eccles utilizes the coupling itself, and by clamping the leather around the knuckle of the thill eye between the jaws of the coupling he secures the spherical moulded packing of the patent permanently secured in the jaw of the coupling. This condition is not produced by actual use after the leather has passed into the hands of the user. It is done deliberately by the seller, and by so doing he secures all the advantages of the Bradley packing, or, at least, all the advantages which can be secured by apparently inferior material. If the same result were produced by forming the packing in a press constructed on the same lines as the coupling, removing the packing therefrom and riveting it to the jaw of the coupling, it is manifest that infringement would be established. And yet this is, in effect, precisely what is done; the necessity for a separate press being avoided by using the coupling for that purpose.

In short, the plaintiff in error is making and selling a device which embodies every element of the claim.

The order is affirmed, with costs.