BRADLEY v. ECCLES.

(Circuit Court, N. D. New York. December 10, 1908.)

PATENTS (§ 235*)—INFRINGEMENT—THILL COUPLING.

The Bradley patent, No. 609,928, for a thill coupling, the essential feature of which is a spherical packing of leather or other similar material interposed between the knuckle and draft-eye, is limited by the prior art to a packing made in a single piece, and is not infringed by one made in separate halves, although pressed into shape and inserted in the coupling before sale.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 370–381 ; Dec. Dig. § 235.*]

On order to show cause why defendant should not be punished for contempt in disobeying and violating injunction order or decree of this court made on final hearing, and issued on or about December 29, 1903, and served January 2, 1904, enjoining infringement of United States letters patent No. 609,928, dated August 30, 1898, on application filed September 28, 1897.

Howard P. Denison, for the motion.
Wm. A. Megrath, opposed.

RAY, District Judge. On final hearing this court sustained the validity of the patent in question and wrote an opinion, reported in 122 Fed. 867, and affirmed by the Circuit Court of Appeals, 126 Fed. 945, 61 C. C. A. 669. The claim of the patent reads as follows:

"The combination with a draft-eye having spherical recesses in its jaws and a draft-iron having a spherical knuckle, of an interposed spherical packing provided with an open longitudinal joint along its side and with truncated ends at the ends of said joint, said packing enveloping the knuckle entirely and separating the same from the spherical bearing-surfaces of the surrounding draft-eye, substantially as set forth."

By reference to the specifications it is seen that the spherical packing surrounds the wrist and is seated in corresponding cavities of the jaws of the draft-eye. This packing is made of leather or other suitable material, bent and molded by pressure to the required form. It is constructed with truncated ends arranged at right angles to the open joint at the ends thereof, and entirely envelops the spherical knuckle. The construction shown and described is such that rattling is prevented by either perpendicular or horizontal movement of the iron parts.

The specifications explicitly state:

"While I prefer to make the packing of leather, it may also be made of other suitable material, and, if desired, the packing may be composed of separate halves, as shown in Fig. 4, instead of being made in one piece."

This is very material to the question now presented to the court, as the packing now made and sold by the defendant is composed of separate halves, and one half is placed and fastened in the upper half of the spherical socket, and the other half is placed and fastened in the lower half of the spherical socket. This spherical socket holds and envelops the spherical knuckle or wrist, the packing being interposed

between the inner surface of the socket and the surface of the knuckle. It must be conceded, I think, that, aside from convenience of construction and convenience in making a change of the packing when it becomes damaged or worn, the packing now made and sold by the defendant is the exact equivalent of that described in the complainant's patent, the claim quoted, and, if the claim, as construed by the Circuit Court of Appeals in the case mentioned and the one to be mentioned, is broad enough to cover and does cover this packing when composed of separate halves, pressed into shape and inserted in the coupling before sale, then defendant is violating the injunction, and the motion to punish for contempt must prevail. The Circuit Court of Appeals in the first instance, affirming the Circuit Court, held that the claim of the patent disclosed invention although of a narrow character; and that it must be limited in view of the prior art. There was no question that defendant's packing infringed, as he substantially duplicated that of complainant, which consisted of a single piece of leather suitably shaped and formed and placed in the sockets. After the decree was entered and the injunction was issued, the defendant sought to avoid infringement and a violation of the injunction by making the packing in two pieces, pressing them into shape to fit the socket and attaching them together at one edge by a small wire. This left an interposed spherical packing provided with one entirely open longitudinal joint along its side with truncated ends, etc., and another open longitudinal joint along its other side but closed, so far as it would be, by the wire or metal thread bringing the edges of the leather together. This court held that construction an infringement and a violation of the injunction, and no appeal was taken. Thereupon the defendant made and sold with his coupling a packing consisting of a single flat piece of leather cut of suitable size and shape to be inserted in the sockets and cover the wrist or knuckle when the coupling was closed. This was attached by a string to the coupling and sold with it. The purchaser and user was left to place this leather in the socket and press it into shape by closing the coupling upon it. Judge Wallace at circuit held this to be an infringement, and granted a preliminary injunction, but he was reversed by the Circuit Court of Appeals. Bradley v. Eccles. 139 Fed. 447, 71 C. C. A. 291. This packing was neither shaped nor inserted in the socket of the coupling. It was a mere flat piece of leather of suitable size and shape, sold with the coupling as stated. The defendant next made and sold with his couplings this same leather pressed into shape to fit the socket, and either actually inserted in the socket of the coupling and riveted there, or attached to the coupling after being so shaped and made ready to be inserted. The flat piece of leather was not pressed into shape by a separate device or presser, but by the coupling itself in closing it after the leather was inserted. This court held such a packing to be an infringement, and its manufacture and sale by the defendant a violation of the injunction, and the defendant was fined. On appeal that order was affirmed. Eccles v. Bradley, 158 Fed. 98, 85 C. C. A. 566.

The defendant, Eccles, now cuts out two pieces of leather, one for each socket, or each side of the socket, of such size and shape that

when inserted and riveted to the coupling by a small nail or otherwise they will be pressed into the required shape by the closing of the coupling, envelop the knuckle entirely, and separate the same from the spherical bearing-surfaces of the surrounding draft-eye. This packing thus formed is spherical, is provided with two (in place of one) open longitudinal joints, one along each of its two sides (front and back), with truncated ends at the ends of said joints. (See opinion of C. C. A., 158 Fed. 98–99, 85 C. C. A. 566). The two open longitudinal joints, instead of one, neither add to nor detract from the utility of the packing after insertion. With them there is no new or different mode of operation when in actual use. The mode of operation and the end sought and attained is the same. The defendant's mode of construction and of joining the packing to the coupling is a little different and probably more expensive, and it would be more difficult to substitute new packing of defendant's construction after long use. However, if the defendant makes and sells a coupling with packing which contains complainant's invention, he infringes and violates the injunction.

The latest decision of the Supreme Court of the United States is that infringement of a patent not primary—not a pioneer—is not averted merely because defendant's machine may be differentiated; that the range of equivalents depends upon the degree of invention. Continental Paper Bag Company v. Eastern Paper Bag Company, 210 U. S. 405, 414, 415, 28 Sup. Ct. 748, 52 L. Ed. 1122. This case clearly limits and explains Cimiotti U. Co. v. American Fur R. Co., 198 U. S. 399, 25 Sup. Ct. 697, 49 L. R. A. 1100, and Kokomo F. M. Case, 189 U. S. 8, 23 Sup. Ct. 521, 47 L. Ed. 689. I understand it to be the law that a defendant may not avoid infringement by making an inferior device in changing parts or construction, provided he retains and uses the invention of the patentee—has the same elements in substantially the same combination operating in substantially the same way and producing the same result. The claim of the patent in question has in combination, 1, a draft-eye having spherical recesses in its jaws and a draft-iron having a spherical knuckle, 2, an interposed spherical packing provided with an open longitudinal joint along its side and with truncated ends at the end of said joint, and 3, "said packing enveloping the knuckle entirely and separating the same from the spherical bearing-surfaces of the surrounding draft-eye." In defendant's present combination, complained of, we have "1" and "3" exactly and without variation. We have "2," that is, "an interposed spherical packing," but it is provided with two open longitudinal joints, one along each side, and this spherical packing has truncated ends at the end of the joints. It is also riveted in the socket. The operation and office or function of the packing is precisely the same in both cases. When not in use—that is, when the draft-eye is not closed, when the coupling is exposed for sale or is being attached for use—one piece of the defendant's packing would drop out if not fastened in some way. The other would be liable to be displaced. For this reason, evidently, defendant attached the two pieces in the recesses by means of small nails or rivets which must be removed when the

packing is changed and new ones substituted. This makes an inferior packing, so far as insertion and keeping in place is concerned, when the entire combination is not in actual use, but when in actual use the one is the full equivalent of the other. As stated, this inferiority of construction merely would not avoid infringement. But, in view of the prior art, the Circuit Court of Appeals in Bradley v. Eccles, 126 Fed. 945, 947, 948, 61 C. C. A. 673, expressly limited the claim, and held:

"The patent must be confined closely to the precise device of the claim. The specification states that 'the packing may be composed of separate halves,' but no such form is included in the claim, nor would the prior art allow the patentee so to include it."

In Bradley v. Eccles et al., 139 Fed. 447, 71 C. C. A. 292, the Circuit Court of Appeals again had this patent before it, and the correctness of the interpretation and construction formerly given by the court in this regard was challenged. The whole subject was reconsidered, and Judge Lacombe, giving the opinion of the court, after quoting from the former opinion, said:

"The complainant in this suit realizes that the charge of infringement cannot be sustained unless our prior opinion is in some respects modified. His brief contains this statement:

"'When this case was before the Court of Appeals the patent was sustained, but the claim was erroneously and unjustly limited by the opinion to a spherical packing, integral, molded before application; and complainant therefore requests the court at this time to take cognizance of this fact, and correct the limitations imposed by that opinion.'

"In support of this contention it is suggested that there is nothing whatever in the claim which says that the device must be integral, or that it may not be made of two separate halves, or that it must be molded into a spherical form before application. This suggestion is correct—there is no such restricting language in the claim—and the phrase used in our former opinion, 'The patent must be confined * * * to the precise device of the claim,' would have been more accurately expressed, had it used the words 'precise device shown.' But it is manifest from the opinion that the claim was limited, not because of its language, but because the prior art left no room for invention unless it was restricted in the manner indicated. The opinion expressly stated that, although the specification stated that the packing might be composed of separate halves, such modification could not be sustained, in view of the Murray (Canadian) patent, showing a thill iron with ball coupling between inverted cup-shaped packings. In his brief now filed, complainant asserts that the Murray (Canadian) patent shows two flat disks. That patent is not printed with the papers on this appeal, but the excerpts from it, which were laid before this court on the former appeal, contained the following:

"'Between the ball, d' and * * * I locate the inverted, cup-shaped packing, f, preferably made of leather or rawhide, or similar elastic material. * * * In the bottom of the semispherical recess, a4, * * * is laid a cup-shaped packing, f', similar to the one marked f.'

"With a device of the prior art so close to the one patented, we were satisfied that the claim could not be sustained unless it were restricted in the manner indicated, and we are still of the same opinion."

It thus appears that the Circuit Court of Appeals has twice held that, in view of the prior art, the claim of the patent in suit is not broad enough to cover a packing made in two parts, one for the recess of the upper jaw and one for the recess of the lower jaw, and fastened therein by nails or rivets, and then pressed into shape, as naturally they would be, by closing the jaws upon the packing and spherical

knuckle. In this conclusion I concur, as I am bound to do, but am also free to say that I would so hold as an original proposition. The prior art clearly disclosed the use of a two-piece packing in such recesses, which, when placed therein and the jaws closed, were made to conform to the shape of the recesses and knuckle and surround it.

In view of the full consideration given to the question by the Circuit Court of Appeals its declaration, "The specification states that the packing may be composed of separate halves, but no such form is included in the claim, nor would the prior art allow the patentee to so include it," and its subsequent holding, "With a device of the prior art so close to the one patented, we were satisfied that the claim could not be sustained unless it were restricted in the manner indicated, and we are still of the same opinion," I do not see how it can be held that the defendant violates the injunction by using the packing composed of separate halves, each half inserted in and riveted to its appropriate jaw and recess. If complainant is correct in his contention, a new suit for infringement will settle the whole question.

The motion is denied.