### BRADLEY v. METAL STAMPING CO.

(Circuit Court, S. D. New York. December 16, 1908.)

PATENTS (§ 328*)—INFRINGEMENT—THILL COUPLINGS.

 The Bradley patent, No. 609,928, for a thill coupling, *held* infringed on motion for a preliminary injunction.

 [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. On motion for preliminary injunction.

Howard P. Denison, for complainant.

W. A. Megrath, for defendant.

COXE, Circuit Judge. This motion is based on two letters patent granted to the complainant for improvements in thill couplings. Pat-

ent No. 634,549 has never been adjudicated and relates to a minor improvement for retaining the packing on the draft-wrist. As to this patent the motion is denied.

No. 609,928 has been several times before this court and its validity is fully established. The defendant's packing, B, consists of two pieces of rawhide cupped to shape and held together by a soft metal band which retains the bushings on the ball. The defendant's packing, A, is a piece of leather held between the jaws of the coupling by a wire in a manner similar to that which was considered by this court in the action against Eccles (158 Fed. 98, 85 C. C. A. 566) where the packing was held in place by a nail. With the prior art as exemplified in the cases previously considered by the courts I am convinced that these packings infringe the claim of No. 609,928.

At the argument certain references were handed to the court which, it was stated, were not in evidence in prior litigations, and my attention has also been called to a very recent decision of the Circuit Court in Bradley v. Eccles, 165 Fed. 447, holding that a two-part packing was not an infringement. This decision is not in harmony with the complainant's contention in the case at bar. The new questions presented by this motion can as well be decided by the Circuit Court of Appeals upon an appeal from an order granting an injunction as upon a record at final hearing and it seems to me that the parties should be spared the expense of preparing such a record if possible.

The motion as to No. 609,928 is granted, but, if an appeal be taken within 10 days from the service of a copy of the order on the defendant's solicitor, a stay will be granted pending the decision on appeal.